JACOB STEEL, plaintiff in error, *vs.* LARKIN PAYNE, defendant in error.

A contract was made between the plaintiff and defendant, for the rent of a tract of land, to repair and build certain houses and stables thereon. Defendant was to repair and rebuild the fence, plaintiff to keep it and work it for two years and pay defendant one-third of the crops for rent. The contract was not reduced to writing at the time, but defendant promised to have it done at some future time, but neglected to do it, The plaintiff went on the land under the contract, cleared up one field, the work of which was worth $100 00, built and repaired houses, the work of which was worth $50 00, cultivated the land one year and paid the rent. Defendant would not consent for plaintiff to remain on the land another year, but rented the land to other persons and put them in possession of it. Plaintiff cleared up the land and did extra work on it, in order to get to stay on it two years. Defendant moved to dismiss plaintiff's case, on the ground that plaintiff sought to recover damages for the breach of a void parol contract, for the lease of land for more than one year, which motion was sustained by the Court, and the plaintiff excepted :

*Held,* That there was such a part performance of the contract, on the part of the plaintiff as would take the case out of the provisions of the fifth paragraph of the 1940th section of the Code, and that it was error to dismiss the plaintiff's action on the statement of facts contained in the record.

Statute of Frauds. Part Performance. Before Judge PARROTT. Dade Superior Court. November Term, 1870.

Steel *vs*. Payne.

Steel sued Payne for damages for breach of a verbal contract as to the rent of certain lands for two years, averring various facts of part performance.  These facts and the contract sufficiently appear by the evidence.  On the trial, plaintiff testified, substantially, as follows :

Defendant's land was grown up in brush and briers when he rented it.  By the contract, defendant was to repair and rebuild the fence, plaintiff to keep and work the land for two years and pay defendant one-third of the crops for rent. The contract was not reduced to writing at the time, but defendant promised to have it done at some future time, but neglected to do it.   The plaintiff went on the land under the contract, cleared up one field, the work of which was worth $100 00, built and repaired houses, the work of which was worth $50 00, cultivated the land one year and paid the rent. Defendant would not consent for plaintiff to remain on the land another year, but rented the land to other persons and put them in possession of it.   Plaintiff cleared up the land and did the extra work on it, in order to get to stay on it two years.   Defendant used no force or legal process to put plaintiff out of possession, and plaintiff used neither to prevent the new tenant from taking the possession.

Another witness was offered to proved the same facts.   Defendant's counsel objected, and moved to dismiss the action, upon the ground that the case made by the pleadings and evidence was that of a contract void by the Statute of Frauds. The Court rejected the evidence and dismissed the cause. That is assigned as error.

E. D. GRAHAM, for plaintiff in error.

R. H. TATUM, by J. A. W. JOHNSON, for defendant.

WARNER, J.

There was such a part performance of the contract on the part of the plaintiff, on the statement of facts contained in

the record as would take the case out of the provisions of the 5th paragraph of the 1940th section of the Code, and it was error in the Court below to dismiss the plaintiff's action.

Let the judgment of the Court below be reversed.