Warner, Chief Justice.
This was an action brought by the plaintiff against the defendant to recover the one-sixth part of the rent of a plantation in Alabama, which the plaintiff alleged the defendant had received for the year 1866, the plaintiff and defendant being the heirs, with others, of Andrew F. Woolly, deceased. The plantation, for which it is alleged the defendant received the rent for 1866, was the property of Woolly at the time of his death, in December, 1865. The plaintiff testified, at the trial, that the defendant had received the rents of the plantation for 1866, and had kept the same, and proved the value thereof, and also stated that he had paid his pro rata share of the taxes on the land for that year. The defendant proved by two or three of the other parties interested in the land as the heirs of Woolly, that in October or November, 1865, Woolly, before his death, made a contract with the defendant that if he would pay the tax on the land for the year 1866, he should have all the rents and profits of the land for *383 that year. The defendant testified, that he instructed his agent in Alabama, Breedlove, to pay the taxes on the plantation for him for the *year 1866, and he had him charged with $100 00 as taxes paid on it for that year. A. F. Woolly, Jr., the son of the decedent, testified, that he did not know that the defendant had paid the taxes, as he had agreed to do, and he paid them for 1866, took a receipt and charged the same to the plaintiff and the other heirs; supposed he 'was paying them for defendant, under his agreement with A. F. Woolly, deceased. The jury, under the charge of the Court, found a verdict for the defendant. The plaintiff made a motion for a new trial, on the grounds specified therein, which was overruled, and the plaintiff excepted.-
If this parol contract for the rent of the plantation, made in November, 1865, for the year 1866 is within the statute of frauds, still, there was such a part'performance of it as will take it out of the operation of the statute. The defendant went into the possession of the plantation, under the contract, and cultivated , it, either by himself or tenants, for the year 1866, in pursuance of the contract made with the deceased. He could not have repudiated it at the end of the year had he been in life, and his heirs-at-law, who acquiesced in the defendant’s possession of the plantation, under that contract, during the year 1866, cannot do so; they are bound by the contract of their ancestor. If the plaintiff has paid his pro rata share of the taxes to A. F. Woolly, Jr., which the defendant was bound to pay for the rent of the plantation, he can recover that amount from the party to whom he paid it. If A. F. Woolly, Jr., paid the taxes for the defendant, as he states he supposed, he was doing, he had no legal right 'to charge any part thereof to the plaintiff. The defendant was bound to pay the taxes on the land for 1866, under his contract, and if the heirs have paid it, they can compel him, by suit, to pay them, but cannot repudiate the contract and compel him to pay the proven value of the rent of the land, under the facts of this case, on the ground that the contract was void by the statute of frauds. The plain object of the plaintiff in repudiating the contract made between the defendant and old man Woolly, the deceased, is to enable him, as one of his *heirs, to recover from the defendant his share of the value of the rents and profits of the plantation for the year 1866, in opposition to the wishes of the other heirs, but we cannot gratify him, under the evidence contained in the record.
Let the judgment of the Court below be affirihed.