JOHN F. PETTY, plaintiff in error, vs. ELIZABETH KENNON, defendant in error.

Where the terms of a parol contract for the rent of land were, that the tenant should pay a certain portion of the crops for rent, "that he should repair the fences around the cleared land, and the landlord was to pay him for it, that he was to stay on the place one, two, three, four or five years, if both parties were willing, and at all events until he should get pay for the work done on it," and the tenant did repair the fences, and paid the rent, except of the cotton, which he retained, the landlord still owing upwards of $40 00 after allowing for the rent cotton, for work done in repairs :

*Held,* There was such a performance of the contract by the tenant, that the landlord could not, on the expiration of the first year, treat him as a tenant at will, so as, on a notice to quit, without payment, or tender of what was due for repairs, to be entitled to a warrant to dispossess him as a tenant holding over.

Landlord and tenant. Statute of frauds. Part performance. Before Judge HARVEY. Haralson Superior Court. March Term, 1873.

On June 24th, 1871, Elizabeth Kennon instituted proceedings against John F. Petty as a tenant holding over, to recover the possession of a certain tract of land situate in the

county of Haralson. The defendant filed his counter-affidavit to the effect that the term for which he had rented said lot of land had not yet expired. When the issue thus formed came on for trial the evidence presented the following case:

In the fall of 1869, the plaintiff contracted with the defendant to the effect that he was to go on the land in controversy, repair the fences around the cleared ground, for·which labor he was to be paid, to plant in wheat, corn and cotton, and pay as rent one-third of the corn and one-fourth of the cotton and wheat. He was to place all necessary repairs on the farm, and stay on the place one, two, three, four or five years, if both parties were willing, and at all events until he should be paid for all the work done. He was to have all he made on any part of the land which he might clear himself. He was to reclaim as much of what had been once cleared and turned out as he saw proper.

In the fall of 1870 the defendant paid to the plaintiff her portion of the corn and wheat, but did not deliver to her any of the cotton, of which there was but little made. The portion which was retained went towards paying him for the repairing, etc., done, leaving the plaintiff in his debt still some $40 00 or $50 00 for services. The evidence was conclusive as to the services performed by the defendant, and as to the plaintiff's being still in his debt.

The plaintiff became dissatisfied with the defendant for tearing down and removing one of the houses, and in December, 1870, gave him verbal notice to leave the place, and on February 8th, 1871, a written notice to the same effect was delivered to him.

The Judge charged the jury as follows: "That if they believed from the evidence that the defendant was to remain in possession of the premises, under the contract, until he should be fully remunerated by the use or rents, for the labor done on the premises, and that he had not been so remunerated at the time the warrant was sued out, then the plaintiff could not recover, and the jury must find for the defendant; that it was competent for the parties to make such a contract; that

if they believed the tenancy, under the contract, was for a longer period than one year, it was, in law, a tenancy at will, in which case a two months' notice to quit, by the landlord, must be given, and that must be given when the tenant has no crops growing on the land, or must expire after a sufficient time for the maturing and gathering of the crops growing at the time of the notice."

The jury returned a verdict for the plaintiff for the premises in dispute and $150 00 rent.

The defendant moved for a new trial, because said verdict was contrary to the evidence and the charge of the Court. The motion was overruled, and the defendant excepted.

W. J. HEAD; J. A. BLANCE, by JOHN MILLEDGE, for plaintiff in error.

THOMPSON & TURNER, by E. N. BROYLES, for defendant.

TRIPPE, Judge.

It is not denied that at the time the warrant was issued against the tenant, the landlord was indebted to him $40 00 for repairs of fences, under the contract for rent, and that the tenant was to keep the farm until he was paid.   If the tenant had made a parol contract for a tenancy of two or three years for a stipulated sum, and had paid the price and gone into the possession, would it not have been such performance of the contract, that it would have been good under the statute of frauds, or section 1951 of the New Code ?   A parol license of an easement, though under the general rule revocable, is not always so, and the exception is : where acts have been done by one party upon the faith of a license given by another, the latter will be estopped from revoking it to the injury of the former : *Sheffield et al., vs. Collier, 3 Kelly*, 83. A specific performance of a parol contract whereby the title to land is conveyed, will be decreed in many cases.   The same principle will prevent a landlord, who has made a contract with a tenant to hold possession for a term, or until he

is reimbursed for improvements, and who, under the contract, has expended money and labor beyond the rent for the first year, from claiming at the end of that year, that it is a tenancy at will, and from summarily ousting the tenant without even a tender of what the landlord's own witnesses prove was due the tenant. The Court charged the jury in accordance with this principle, and should have granted a new trial, because the verdict is in violation of it. The case was to be decided according to the right of the landlord to sue out the warrant at the time it was issued.

Judgment reversed.