SIMONTON, JONES & HATCHER, plaintiffs in error, *vs.* THE LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY, defendant in error.

1. By the provisions of section 2794 of our Code, contracts of insurance must be in writing, and a subsequent agreement to alter such a contract must also be in writing.

2. Where the law requires a contract to be in writing, equity will grant relief, if the party complaining has so acted on the parol contract as that it would be a fraud upon him to permit the other to deny the contract. But in such cases, the act must be in *pursuance* of the contract, *on the faith* of it, and *induced* by it.

3. When one had a policy of insurance on a stock of goods in a certain house, and undertook to remove the goods to another house, and whilst actually engaged in such removal was asked (as is alleged) by the agent of the company if he desired his policy transferred. The insured replied, by all means, if necessary, and the agent consented to the removal, and promised to make the necessary entry on the books. The insured, thereupon, continued the removal, took out no new insurance, and his goods were subsequently lost by fire:

*Held*, that this was not such action on the alleged parol agreement as estopped the insurance company from insisting that the contract was not in writing.

Insurance.  Equity.  Estoppel.  Before Judge HOPKINS. Fulton Superior Court.  October Term, 1873.

Simonton, Jones & Hatcher brought suit against the Liverpool, London and Globe Insurance Company, alleging substantially as follows :

On January 17th, 1872, plaintiffs paid to Walker & Boyd, the agents of the defendant, $40 00 premium, in consideration of which said agents subsequently delivered to them a policy of insurance made by said defendant, dated on the 20th of the month aforesaid, whereby said defendant insured plaintiffs against all loss or damage by fire, to the amount of $2,000 00, for the period of one year from the date first aforesaid, on their stock of tobacco, cigars, etc., contained in the two-story tin roof store, situate on the west side of Peachtree street, between the railroad and Marietta street, in the city of Atlanta.  On November 25th, 1872, said insured property was destroyed by fire, in plaintiffs' factory on Ivey street, in said city.  The property burned was of the value of $40,000. The defendant, upon presentation of said policy, refused to pay the amount called for therein, because its agents were unable to find on their books, or on said policy, any note or entry in writing of the removal of said insured property to plaintiffs' factory.  Plaintiffs aver that the defendant cannot refuse

to pay said loss on this ground, for the reason that while they were engaged in removing said stock of tobacco, etc., from said store to said factory, J. S. Boyd, one of said agents, was at or near their said store, and plaintiffs informed him of said removal, and to what place. He inquired whether they desired said policy transferred to their new place of business. Plaintiffs stated that if said transfer was necessary, to make it by all means. Said agent replied that he would attend to it, and would make the necessary transfer of said policy on their books.

From the day of said removal to the time of said refusal to pay, plaintiffs believed that said transfer had been made. The office of said agents, at the time of said removal, was within fifty feet of said store, and in sight of the same. They were fully cognizant of said removal, and of all the facts attending the same. Over two months elapsed after the removal before the fire, and neither during that interval, nor at any other time, did said defendant or said agents make any objection to said removal. Plaintiffs therefore allege that said agents and said defendant, by their acquiescence and silence, waived all objections to such removal, and thereby approved and consented to the same, and are now consequently estopped from setting up such defense.

A count for damages and attorney's fees was attached.

The declaration was subsequently amended by the addition of a third count. No material change was made in the case already presented. It recited that said agents, in their actings and doings in connection with said removal, "acted within the scope of their authority as such insurance agents," and that relying upon the promise of said agents to make the necessary transfer of said policy, they failed to procure other insurance.

The defendant demurred to the declaration. The demurrer was sustained, and plaintiffs excepted.

MARGENIUS A. BELL, for plaintiffs in error.

1st. Was it competent for said agents verbally to consent to said removal: Code, secs. 2794, 3806; 41 Ga. R., 130;

Simonton, Jones & Hatcher *vs.* The Liverpool, etc., Company.

6 Vesey, Jr., 349; 8 Ga. R., 540, 1 Hen. Black., 254; 2 *Ibid.*, 577; 6'T. R., 710; 5 *Ibid.*, 695; 3 Anst., 770; 1 Ga. R., 12; 16 *Ibid.*, 410; 25 *Ibid.*, 87.

2d. Liability may exist on part of insurer without written contract: Code, section 2794; 4 Am. R., 716; 19 Howard, 318; Bouvier's Ins., 503; 8 Georgia Reports, 540; 13 Mass. R., 96.

3d. If the agents had made the transfer or entered the removal on their books, the policy would have been unquestionably valid: 3 Esp., 121; 1 T. R., 343; 7 Johns. R., 527; 1 Caines' R., 60; 8 Ga. R., 540.

4th. When the corporation has acted on the contract it will be presumed that everything necessary to be done has been done: 12 Q. B., 1011; 24 Barb., 375; 9 Cal., 453.

5th. Corporation is bound by the express or implied contracts of its agents or officers, made in the discharge of their official duties, though not authorized to make such contracts: 7 Cranch, 299; 5 Wheat., 326; 8 *Ibid.*, 338; 16 How., 529; 14 Peters, 19; 18 B. Mun., 41; 5 Blackf., 156; Story on Ag., 52; 8 Pick., 188.

6th. A corporation is bound by its silence: 23 How., 381; Code, sec. 2192; 10 Ga., 362; 13 *Ibid.*, 46; 14 *Ibid.*, 124; 39 *Ibid.*, 586.

7th. After receiving the premium the company cannot repudiate the act under which it was received: 51 Ill., 342; 5 Amer. R., 70; 41 Georgia Reports, 171, 694; Code, section 2204.

8th. Admitting this to be a new contract, still, as it was within the scope and authority of the agents, the company was liable: 41 Ga. R., 693; Code, secs. 10, 2194; 6 Ga. R., 166; 7 *Ibid.*, 194; 16 *Ibid.*, 424.

JACKSON & CLARKE, for defendant.

1st. Insurance, to cover a stock of goods at a point to which it has been removed, must be evidenced in the same manner as an original contract: Spitzer *vs.* St. Marks Insurance Company, 6 Duer, 6; Boynton & Clinton *vs.* Essex Mutual In-

surance Company, 16 Barbour, 258; Lycoming Insurance Company *vs.* Updegraff, 40 Penn., 312.

2d. A contract of insurance, under the law of Georgia, must be in writing: Code, sec. 2794; Spitzer *vs.* St. Marks Insurance Company, *supra.*

. 3d. "Contained in" not words of description, but of restriction of liability: Annapolis R. Company *vs.* Baltimore Fire Insurance Company, 3 Amer. R., 112.

4th. Notice of alienation, parol proof inadmissible to show: Loring *vs.* Man. Insurance Company, 8 Gray, 28.

5th. Knowledge of agent is not notice to him: Forbes *vs.* Agawam Insurance Company, 9 Cush., 473.

6th. The first declaration is upon a contract. The count added as an amendment is upon a *tort.* They cannot be joined: Code, sec. 3261.

McCAY, Judge.

. 1. Our Code requires, in express terms, that all contracts of insurance must be in writing: Code, (1873,) section 2794. At common law this was not so: Flanders on Insurance, 63; and many of the expressions in the cases, and, indeed, many of the cases themselves, are to be considered in view of the fact that the common law did not require such contracts to be in writing. . A written contract not required by law to be in writing might always be, subsequent to its making, altered or modified by a new parol contract based on a consideration. But if the law require the insurance contract to be written, it would seem to follow, as a matter of course, that any alteration of it must also be in writing, since at last every alteration is a new insurance contract, which, by the express terms of the statute, must be in writing: Lycoming Insurance Company *vs.* Updegraff, 40 Pennsylvania, 312; 16 Barbour, 258.

2. The only ground upon which the plaintiffs can stand is that of performance on their part, or estoppel. Equity will not allow the statute of frauds to be used as an instrument of fraud, and will decree specific performance or hold the maker of a parol contract estopped from denying it when the

Simonton, Jones & Hatcher *vs.* The Liverpool, etc., Company.

other party, by virtue of it, and under and in pursuance of it, has so far acted as that it would be aiding in a fraud to permit the contract to be repudiated. And what equity would do, our courts of law, under proper allegations, will also do.

3. What then do the plaintiffs allege: That having a policy of insurance on their stock of goods in a certain house on a certain street in Atlanta, they concluded to remove them to a different house in a different place in the city; that they had actually commenced moving, and while engaged in so doing, one of the defendant's agents, noticing, asked them what they were doing, and notified them that the removal would vitiate the policy, unless they desired it continued, and the company agreed to it; that they, the plaintiffs, said they certainly did desire it, and that the agent said the company would agree, and that he, the agent, would fix it upon the books accordingly. The plaintiffs then allege that, relying upon this, they removed the goods, took out no new policy, supposing they were duly insured at their new place; that their house took fire, their goods were lost, and that the company refuses to pay. Might not any man say this who trusted to a parol contract? What did the plaintiffs do but rely upon it. They would have removed their goods without the parol statement of the agent. They were in the act of removing them—had them partly removed—when it is charged to have been made. The most that they charge to to have done, in pursuance of the parol agreement, is, that they failed to take out a new policy, trusting, as they did, that their old one had, by the parol agreement of the agent, been altered. It will be noticed that they paid no money. They simply trusted to the parol agreement and failed to take out another policy. Was this, in any sense, a part performance? Was this taking a new position by virtue of the contract, in fulfillment *of their part of it*, so as that it brings them within the rule we have spoken of? We think not.

Suppose I contract by parol for a man's land, and trusting to the contract he buys another's land. Suppose a man agree, by parol, to pay me the debt of another, and I make arrangements to use the money, and am damaged by my failure to

get it? Neither of these is within the rule. The act done must be in *performance* of and in pursuance of the parol contract. The contract, it must be remembered, is void at law, and is only enforced because the courts of equity have, for the prevention of fraud, set up certain defined exceptions to the statute in which they will grant relief: See Code, 1951, 3187; Browne on Frauds, section 457; Roberts on Frauds, 138; Buckmaster *vs.* Harrop, 7 Vesey, 341. The case presented in this declaration comes within none of the rules laid down for relief. It is the simple case of a man, satisfied with a parol agreement, doing nothing, and every man who has made by parol a contract which, under the law, must be in writing, might defeat the statute in the same way by insisting that, relying on it, he had done, or failed to do, this or that. To make out a case, as we understand the law, the party seeking to set up a parol contract, which the law requires to be in writing, must show that he has done some act in performance of the contract upon his side, which act of performance has put him in a new position, so as that it would be a fraud upon him to permit the other party who has accepted this part performance to repudiate it. Browne on Frauds, section 457. We think, too, that there was very little in the language of the agreement to justify the confidence alleged in the declaration. The words are consistent with an understanding on his part that as the policy required, they should bring their policy to the office where the entry of agreement would be made. We think the plaintiff was very neglectful if he tells the truth of the matter in his writ. No prudent man, with a policy of insurance on goods in one house, would be content to risk them in another, with nothing but a statement, on the street from an agent, that the company would consent to the removal.

Judgment affirmed.