## 13897.  SIKES *v.* CARTER.

1. While an agent to rent has no implied power to bind the landlord to a provision that the tenant shall make repairs to be paid for out of the rents accruing, yet if the agent thus exceeds his authority, "the principal can not ratify in part and repudiate in part; he must adopt either the whole or none."

2. "Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol, and if made for a greater time, shall have the effect of a tenancy at will." "Two months' notice is necessary from the landlord to terminate a tenancy at will."

3. Where it is provided in a contract of tenancy that the tenant shall make upon the premises certain permanent improvements, to the cost of which he may apply the monthly rentals until he is thus reimbursed therefor, and where the cost of the improvements exceeds the amount of the rentals for the period of one year, the minimum duration of the tenancy is necessarily for more than a year; and if the contract be in parol, a tenancy at will results. This is true even though at the time of the contract the necessary cost of the agreed improvements was not ascertained. That is certain which may be made certain, and when the cost is determined the minimum duration of the tenancy is a mere matter of calculation.

4. The fact that the tenant makes the improvements in pursuance of such a contract does not change the character of the tenancy, but would operate merely to estop the landlord from terminating the tenancy by the statutory notice, without restoring the status, until the tenant shall have occupied the premises for a time sufficient for the stipulated rentals to satisfy his outlay.

5. The provisions of section 3708 of the Civil Code (1910), that "where no time is specified for the termination of tenancy, the law construes it to be for the calendar year," has no application where by necessary implication a minimum duration is fixed in excess of a year, although the agreement may be otherwise silent in regard to the term.

6. This was an action to evict a tenant. Upon the issue made, the verdict was in favor of the tenant. The plaintiff's motion for a new trial was denied, and he excepted. *Held:* The evidence demanded a finding: (*a*) that the plaintiffs, the landlord, ratified the action of his agent in exceeding his authority; (*b*) that a tenancy at will was created; (*c*) that the tenant was not given two months' notice before the warrant was issued. The motion for a new trial was properly overruled.

DECIDED JUNE 27, 1923.

Eviction; from Cook superior court — Judge Dickerson.  July 26, 1922.

W. K. Sikes sued out a dispossessory warrant against C. W. Carter as a tenant holding over, and the defendant responded with a counter-affidavit denying that his "term of rent" had expired.

The trial resulted in a verdict for the tenant, and the landlord excepts to the overruling of his motion for a new trial.

An instruction that two months' notice is necessary from the landlord to terminate a tenancy at will is assigned as error, upon the ground "that the evidence, without conflict, shows that the rent contract was by the month at a specified rate of $10 per month; there was no evidence nor pleadings to authorize" the instruction; and that it was harmful, confusing, etc. Exception is taken also to a charge that if nothing was due by the defendant to the plaintiff at the time the warrant to evict was issued, the jury should find in favor of the defendant.

It appears from the evidence that the landlord procured one Dr. J. M. Gregory as his agent to rent the premises, with no instruction except in regard to the amount to be paid, which was $7 per month. Carter, the defendant, proposed to rent at $10 per month, provided he might make certain specified improvements, and apply the monthly rentals upon their cost until he should be reimbursed for this expense. Gregory assented. Carter thereupon entered and made the improvements, amounting, as he states, to $161. The duration of the tenancy was not mentioned. The only difference between the evidence of Carter and that of Gregory in regard to the terms of the agreement related to items of improvements which the latter testified he did not authorize. But the cost of the other improvements, with these items excluded, amounted to $132, according to the testimony of Carter. Hutchinson, a carpenter, testified that in his opinion "a fair estimate for the amount of improvements . . was $124." On cross-examination he stated that the three items above referred to were not included in his estimate. The estimate of another carpenter was given, but this was higher than the estimate of Hutchinson. There was no other evidence relating to the cost or the value of improvements. No witness testified that Carter took possession prior to August 1, 1916, although he contended that he did not enter until some time later. The dispossessory warrant was issued on October 15, 1917. No rent was ever paid to the plaintiff, or to anyone for him, but all rents accruing during the occupancy of Carter up to the time of the issuance of the warrant were applied towards reimbursing him for the expense of the im-

provements. The record is silent as to any transactions or communications between Sikes and Carter during this period: and no express ratification by Sikes of the agreement of his agent in regard to the improvements appears to have been made.

*L. E. Lastinger, R. A. Hendricks,* for plaintiff.

*John P. & Dewey Knight,* for defendant.

BELL, J. (After stating the foregoing facts.)

1. While the agent exceeded his authority in his agreement in regard to the improvements, "the principal cannot ratify in part and repudiate in part; he must adopt either the whole or none" Civil Code of 1910, § 3593. That he has ratified the contract in part conclusively appears in the assignment of error first mentioned in the statement of facts. He insists in the record that rent should be paid not at the rate of $7 per month, the price which he named to his agent, but at $10 per month, which his agent and the tenant agreed to, upon the condition regarding the improvements. The landlord cannot solemnly claim that rents should be paid him at the higher figure, without becoming bound to all of the terms and conditions upon which his agent and the tenant agreed, resulting in fixing the rent at that price. If anything is said to the contrary in *McMichen* v. *Brown,* 10 *Ga. App.* 506 (73 S. E. 691), it is unsound, and cannot be followed. We think that the landlord is bound to the agreement in regard to the improvements, and that the tenant is entitled to all the rights under that agreement which would exist if he had dealt originally with the landlord himself.

Of course, if an owner of land shall find that another has entered and made improvements under an agreement which the agent of the former had made without authority, the owner is not bound if he avoids a ratification. It might be that in his judgment the property had been damaged rather than improved, or that for other reasons he was unwilling to abide by the agreement. The question of the remedy by which the owner may obtain relief in a case of that kind is not now before us for decision. We are satisfied, for the reasons above stated, that the plaintiff in the case at bar must as a matter of law be held to have ratified the agreement in whole as made by his agent.

2-6. Referring only to the items of improvements to which the

agent assented, and excluding the others, their cost, by the testimony of Carter, was not less than $132, and was estimated by no other witness to be less than $124. At $10 per month it would require more than a year for the rents to repay for this expense, and it is readily perceived, under any view of the evidence, that the contract covered a period of more than a year. The minimum duration is thus made certain, though the contract was otherwise silent in regard to the time when the tenancy should terminate. " Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol, and if made for a greater time, shall have the effect of a tenancy at will." Civil Code (1910), § 3693. The contract was in parol, and therefore, under the provisions of this section, created a tenancy at will. Under the nature of the contract, the fact of the making of the improvements does not alter the character of the tenancy, but operates only to estop the landlord from terminating the tenancy by the usual two months' notice (Civil Code, § 3709), without restoring or offering to restore the status, until the tenant shall have occupied the premises for a time sufficient for the rentals to offset or satisfy the expenses incurred. The contract was *still in parol,* and, being for more than a year, the code says it creates a tenancy at will. *Petty* v. *Kennon, 49 Ga.* 468.

It is provided in § 3708 of the code that where no time is specified for the termination of the tenancy, the law construes it to be for the calendar year, and it is contended by the plaintiff in error that this section is applicable to this case. While it is true that no time was specified for the termination of the tenancy, the principle invoked cannot be applied, for the reason that by necessary implication the agreement provided for a duration in excess of a year.

From what we have said it follows that the court did not err in giving in charge the principle of § 3709 of the code providing that " two months notice is necessary from the landlord to terminate a tenancy at will." The record discloses no compliance with this section, and for this reason the finding was demanded that the warrant could not be maintained.

Since the verdict in favor of the defendant was the only one which could lawfully have been rendered, any error in the other

charge complained of, even if existing, would be harmless and immaterial.

The motion for a new trial was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*