RICHARDS *v.* PLAZA HOTEL INCORPORATED.

828

*W. D. Lanier* and *W. K. Miller,* for plaintiff.
*Hull, Barrett & Willingham,* for defendant.

Russell, C. J. Mrs. Cora R. Richards brought suit against Plaza Hotel Inc., and Thomas Getzen, alleging as follows: For some years past the plaintiff conducted a restaurant in the City of Augusta, its location during the year 1928 being on Jackson Street. The Plaza Hotel Inc. operates a hotel in that city under the management of Getzen as general agent in full charge. Petitioner was approached, in December, 1928, by the Plaza Hotel Inc., acting through Getzen as manager, with the proposition to give up her business on Jackson Street and move over and operate a restaurant in the dining-room of said Plaza Hotel, proposing to lease her the dining-room, kitchen, fixtures, etc., for three years, and in payment of rent therefor petitioner was to furnish meals to Getzen and his wife, and the hotel was to execute to her a lease on these terms, which lease would include water, lights, telephone, etc., and a private room for her in said hotel. She accepted these terms, gave up her business as keeper of the restaurant on Jackson Street, and went into possession of said Plaza restaurant, dining-room, fixtures, kitchen, and personal room, as offered, on or about January 18, 1929, Getzen as manager putting her in possession and stating that he would have the lease fixed up as agreed upon. Mr. Hooks, the president of the Plaza Hotel, was not there at the time, but petitioner was informed by Getzen that he would execute the lease upon his arrival in the city. Petitioner complied with her part of the agreement, and about January 28, 1929, inquired of Getzen for the lease, and he again replied that he was waiting for Hooks to come over from Macon where he lived, that the hotel was for sale, and in case it was sold it would be better for her to have Hooks' signature to the lease. Subsequently the same reply was made to other inquiries about the lease. On August 23, 1929, petitioner was requested in writing by Getzen, as manager, to vacate the Plaza Hotel dining-room and the room which had been assigned to her, not later than Saturday August 31, 1929. She conferred with

her attorney as to being put out on such short notice; and he informed her that she was entitled to at least sixty days' notice, and he would so notify Plaza Hotel, which he did. In response to the position so taken, she was given written notice to vacate at the expiration of sixty days, or not later than October 22, 1929. She has carried out her contract, and is entitled to the continued possession of said restaurant, dining-room, etc., for three years from January 1, 1929. Her business as a restaurant keeper will be damaged if she is forced to vacate the hotel premises. Her business under said contract is of the value of $250 per month, and such damage will be done her unless she is afforded an immediate remedy preventing defendant from carrying out its intention and threat. The hotel is heavily mortgaged and is for sale, and a judgment against it would be of very doubtful value. Waiving discovery, petitioner prays that the court require defendant to specifically perform the contract aforesaid, and to execute to her the lease agreed upon; and for injunction to preserve the status until final decree.

Plaza Hotel Inc. filed a general demurrer. The court sustained it and dismissed the petition, and the plaintiff excepted.

The question in this case is whether under the facts alleged the plaintiff was a mere tenant at will of Plaza Hotel Inc., or whether, having fully performed a contract (not reduced to writing) which entitled her to a lease of three years to the possession and use of the restaurant in the Plaza Hotel, she was not also entitled to have a decree of specific performance of the alleged contract. The lower court held that the petition did not set forth a case entitling the plaintiff to any equitable relief. There are some grounds of special demurrer which the court perhaps could have properly sustained; but we are of the opinion that there are several reasons why it was error to dismiss the entire petition. Statements of fact which are properly pleaded must, for the purpose of demurrer, be admitted to be true; and while in the construction of all pleas it is true that they are to be construed strictly against the pleader, it does not follow that the striking of a portion of the pleadings always results in destroying an equitable cause of action. To the petition in this case Plaza Hotel Inc. demurred on the grounds of no equity, no cause of action; that Getzen had no authority to bind the hotel company by his contract; that it was too vague and uncertain to

be enforced; that the date of the proposed lease was not given, nor the consideration from petitioner to defendant, nor the character of the restaurant, nor on whose credit supplies were to be purchased, nor who would pay taxes, insurance, and upkeep; that the lease was lacking in mutuality; that Getzen had no authority to lease for three years; that under the law of the State a lease of real property for longer than one year can not be created by a parol contract, and if it be attempted for a greater length of time than one year it results by operation of law in a tenancy at will; and that by the letters of August 23 and August 24, 1929, both parties accepted the relationship of tenants at will, and petitioner had no right of action. In sustaining the demurrer the court held that she had no equity to compel the hotel to execute such lease as is set forth in her petition. "A verbal contract for the sale or leasing of land, or for a settlement made upon consideration of marriage, if partly performed by the party seeking the remedy, may be specifically enforced by courts of equity, notwithstanding the statute of frauds. The ground upon which the remedy in such cases rests is that of equitable fraud. It would be a virtual fraud for the defendant, after permitting the acts of part performance, to interpose the statute as a bar to the plaintiff's remedial rights." Possession and use under the contract are such part performance. Pomeroy's Equity Jurisprudence (4th ed.), § 1409. "Whatever be the grounds of its action, the plain fact is that when such a verbal agreement has been properly part performed, say by the purchaser, equity recognizes in him exactly the same primary right which would have existed *if the contract had been written,*—the right to have the very thing done which was agreed to be done,—and devolves upon the vendor *exactly the same duty* which would then have rested upon him; and if this primary right or duty is violated by the vendor's refusal to perform, equity gives to the vendee its remedy of a specific performance." Pom. Eq. Jur. (4th ed.), § 103. Not to do so would perpetrate a wrong. Under the Civil Code (1910), § 4523, equity "considers that done which ought to be done, and directs its relief accordingly." Thus, in ascertaining what relief Mrs. Richards would be entitled to, equity considers the lease agreed upon to be in writing, as having been duly made and executed in writing, and decrees accordingly. It is further provided (§ 4634) : "The specific performance of a parol contract as

to land will be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance of or by the inducements of the other party, that if the contract be abandoned he can not be restored to his former condition. Full payment alone, accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract; will be sufficient to justify a decree."

In one of the earliest cases in the reports of this court (*Henderson* v. *Touchstone*, 22 *Ga.* 1), where the issue concerned the sale of a negro, it was ruled that where a verbal preliminary agreement was for a written contract which may be executed within a year, such transaction was not within the statute. In *Steininger* v. *Williams*, 63 *Ga.* 475, it was held *an oral contract* (italics ours) for rent, accompanied by change in possession and payment of rent, is not within the statute, but will be enforced as made, as not to do so would be a fraud. In that case Mr. Justice Jackson, delivering the opinion of the court, said: "Besides, Steininger was in possession under the contract two months, and paid rent thereon, according to plaintiff's evidence, and therefore the contract was executed." (According to plaintiff's petition, she was in possession seven months of the Plaza Restaurant, and paid rent thereon for that period.) "It was part performance, and to break it would operate to the injury of plaintiff, depriving her of opportunity to rent;" citing cases. Continuing, Judge Jackson said: "The main question was for the jury, and they have decided it. It is, was there actually a contract for rent, or a mere promise to contract at a future day? If the former, the remedy by distress is good; if the latter, there should have been a suit for damages for the deceit or failure to make the contract. In either event, the figure the defendant would make in a court of justice is not to be envied." Specific performance of a parol contract where the title to land is conveyed will be decreed in many cases. The same principle will prevent a landlord "who has made a contract with a tenant to hold possession for a term," who has done certain things on the rented property, "from claiming, at the end of that year, that it is a tenancy at will, and from summarily ousting the tenant." *Petty* v. *Kennon*, 49 *Ga.* 468; *Rosser* v. *Harris*, 48 *Ga.* 512; *Steel* v. *Payne*, 42 *Ga.* 207. In delivering the opinion in *Petty* v.

*Kennon,* Judge Trippe asked the question: "If the tenant had made a parol contract for a tenancy of two or three years for a stipulated sum, and had paid the price and gone into the possession, would it not have been such performance of the contract that it would have been good under the statute of frauds?" This question was answered by the court in the affirmative, reversing the judgment of the lower court, and setting aside a verdict in favor of the plaintiff for the premises in dispute and $150. In *Valdosta Machinery Co.* v. *Finley,* 164 *Ga.* 706 (139 S. E. 327), the point now under consideration was dealt with at some length. In the opinion it was said: "The petition is certainly sufficient to withstand the general demurrer for want of equity. 'Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the nonperformance.' Civil Code, (1910), § 4633. This code section includes parol as well as written contracts; and although all contracts regarding the sale of lands are required by the statute of frauds to be in writing, nevertheless a well-recognized exception to this general rule is presented in the case at bar, in that the petitioner had paid $200 on the purchase-price, and in view of the allegations of the petition it would be a fraud for the vendor to retain the $200 and fail to comply with his contract. So far as the general equity of the case is concerned and the first ground of demurrer is applicable, it would be altogether immaterial had the entire contract rested in parol and there had been no writing whatsoever. The petition presents a case where a person engaged in dealing in or manufacturing machinery had in view a particular location especially suitable for that purpose, entered into a contract for its purchase, and paid a portion of the purchase-price, and is refused his bargain. It is apparent that damages would not be an adequate compensation for the non-performance of the contract, which upon the part of the purchaser had been partially performed. It further appears that it was due to no fault of the petitioning purchaser that the contract was not fully complied with. It is further alleged that the Valdosa Machinery Company is now insolvent, and therefore any recovery of damages is for that reason precluded." Where the contract is in parol and is accompanied by possession given under the contract by the obligee, this dispenses with the writing and the

same result will follow as if the writing had been executed. This principle is well illustrated by the case of *Gragg* v. *Hall,* 164 *Ga.* 628 (139 S. E. 339). It was a case where the contract was oral, but it was understood, as alleged by the petition in the instant case, that it was to be reduced to writing in a few days. The defendant filed a cross-bill setting up a verbal contract as performed; the plaintiff demurred upon grounds similar to the ones in the case now before us. The lower court overruled the demurrer, and his judgment was affirmed by the Supreme Court. In delivering the opinion Mr. Justice Hill said: "The cross-petition is not open to the criticism that the contract is too indefinite in the respects pointed out, and for that reason can not be specifically performed. A definite amount of land was to be purchased and sold at a definite sum, $11,000." And so we say, as to the present case, that the parol agreement as alleged is sufficient to withstand the general demurrer. There is no uncertainty as to whom the lease is to be made with, no uncertainty as to the restaurant to be leased for three years, no uncertainty as to the consideration to be paid by Mrs. Richards, to wit, the relieving the hotel of its restaurant and the furnishing of meals to certain named employees of the hotel company, and the building up of its business. Mrs. Richards fully performed her part of the contract by paying the consideration in meals and service for the benefit of the Plaza Hotel, and the landlord is estopped by taking the rent alleged to have been agreed upon. *Petty* v. *Kennon,* supra. In *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (140 S. E. 869), Mr. Justice Gilbert, who delivered the opinion of the court, after quoting the Civil Code (1910), § 3222, par. 4, and holding that the contract sought to be canceled, purporting to be a lease of real estate for a period of seven years, fell under the general rule, said that "The foregoing section does not apply 'where there has been performance on one side, accepted by the other, in accordance with the contract,' and 'where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance.'" After holding that "Under the pleadings and the evidence, including that referred to in the preceding headnote, and testimony by plaintiff that she made her husband her general agent, the jury would have been authorized to find that, although the contract was required to be in writing and

the written contract was not binding because plaintiff's name was signed by her agent without written authority, yet, on account of the improvements made by the defendant as contemplated in the rental agreement and its possession of about four years and payment of the rent accepted by plaintiff, the plaintiff was estopped from denying the validity of the contract," and properly citing the Civil Code (1910), 3223, par. 2, 3, and the cases of *Petty* v. *Kennon* and *Steininger* v. *Williams,* supra, and comparing *Marshall* v. *Hicks,* 159 *Ga.* 871 (127 S. E. 273), *Sikes* v. *Carter,* 30 *Ga. App.* 539 (118 S. E. 430), and *Simonton* v. *Liverpool &c. Ins. Co.,* 51 *Ga.* 76, the court held that the demurrer to the petition was properly overruled, but that the lower court erred in directing a verdict for the plaintiff and in overruling the motion for a new trial. A suit setting up such a parol contract and its part performance by a tenant, as in the case of Mrs. Richards, she being alleged to be in possession and threatened with ejectment by the management of the Plaza Hotel, will not be dismissed on the demurrer interposed, especially since it is alleged that she gave up her business on Jackson Street and went over to the hotel to improve service to its patrons. *Steel* v. *Payne,* 42 *Ga.* 207; *Bryan* v. *Southwestern Railroad Co.* 37 *Ga.* 26. In the *Bryan* case the grant of a nonsuit was reversed. The court ruled: "1. A nonsuit should not be awarded where the plaintiff makes out a prima facie case. 2. Where the evidence tends to prove a part performance of a parol contract, the court should permit the case to go to the jury and instruct them as to the legal principles applicable to the facts." In the opinion it was said: "The court decided that this contract was void because not in writing. To this the reply is that the evidence tended to prove a part performance of a parol contract on the part of the plaintiffs. Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel performance, . . . the statute does not apply. Whether there was such performance as contemplated by this paragraph, or not, is a question for the determination of the jury. The plaintiff made large preparations for getting and delivering timber; whether it was in part performance of the alleged parol contract or not may be determined hereafter. The evidence was competent, and as it tended to show that a part performance was made in reference to the contract,

the court should have allowed the case to go to the jury, and should have instructed them as to the legal principles applicable to the facts proved." The *Bryan* case was one of nonsuit. The case before us is one arising upon demurrer, but the principle of both is the same. The office of a nonsuit is to test the legal sufficiency of the proof to support the allegations of the petition. The office of a demurrer is to test the sufficiency of the cause of action as made by the allegations of fact, which are conceded to be true. At most, the function of a motion to nonsuit and the function of a demurrer are but the converse of each other, applicable, it is true, in two different stages of the trial; but in the determination of either the question of sufficiency is, after all, one confined to the facts of the particular case. The issue of sufficiency or insufficiency, in both nonsuit and demurrer, is submitted to the judge, because the question can only be determined by the application of pertinent principles of law.

*Judgment reversed. All the Justices concur.*