## TANNER *v.* CAMPBELL.

No. 10721. MARCH 12, 1936.

*Sam S. Harben* and *Boyd Sloan,* for plaintiff in error.

*C. H. Edwards, A. H. Henderson,* and *W. V. Lance,* contra.

ATKINSON, Justice. J. H. Campbell, a millwright, entered into an oral agreement with M. F. Tanner owner of the "Old Mose Tanner mill." The agreement was substantially as follows: Tanner should furnish all materials and labor and Campbell should supervise and direct the work of overhauling and repairing the mill, putting it in such condition as that it could be operated and be made to perform normally in grinding corn into meal and wheat into flour. For his services Campbell should have the right, after repairing the mill, to operate it during the remainder of the year of 1934, and during the entire year of 1935, he paying the expense

of the operation and receiving one half of the proceeds derived from the operation of the mill. Campbell fully performed his part of the contract relating to repairs, and the mill was turned over to him on July 17, 1934, to be operated in terms of the contract. On the day named Campbell employed Luther Bell as miller, at a salary of $22 per month, to operate the mill. Bell entered upon the discharge of his duties. The mill was operated and earned $75 a month above expenses until October 8, 1934, at which time Tanner demanded possession from the miller, which being refused, the miller was ejected, and Tanner took charge of the operation of the mill in violation of the terms of the contract. Campbell instituted an action against Tanner for damages based on breach of the contract, and for injunction to prevent interference with plaintiff's operation of the mill. For the breach of contract damages were alleged "in the sum of $1500 or other sums of money." It was also alleged that the defendant is "insolvent and unable to respond in damages." The judge did not rule on the special demurrer. The exception is to a judgment overruling the general demurrer to the petition which alleged the case substantially as above stated.

The oral agreement is a contract (a) to supervise repairs to the mill, and (b) for the right of the plaintiff, after the mill had been repaired, to operate the mill for a period of more than one year at his own expense, yielding to the defendant one half of the gross earnings. It is declared in the Code of 1933, § 20-401: "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz.: . . 5. Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof." It is declared in § 20-402 (2): "The foregoing section does not extend to the following cases, viz.: . . 2. Where there has been performance on one side, accepted by the other in accordance with the contract." Full performance by the plaintiff of his part of the contract was sufficient to bring it within the above-quoted exception, and to sustain the oral agreement as against the objection that it was contrary to the statute of frauds. *Steel* v. *Payne,* 42 *Ga.* 207; *Rosser* v. *Harris,* 48 *Ga.* 512; *Petty* v. *Kennon,* 49 *Ga.* 468; *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (8) (140 S. E. 869). See also *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811). The alleged entry by the

defendant preventing the plaintiff from operating the mill was a breach of the contract. For breach of the contract the plaintiff would have a right of action for such damages as might be recovered at law, whether or not some part of the damages claimed might be too remote to be recovered. *Fontaine* v. *Baxley,* 90 *Ga.* 416 (5) (17 S. E. 1015); *Baldwin* v. *Marqueze,* 91 *Ga.* 404 (3) (18 S. E. 309); *American Agricultural Chemical Co.* v. *Rhodes,* 139 *Ga.* 495 (3) (77 S. E. 582). The character of the alleged breach was such as to prevent the plaintiff from continuing to operate the mill, and to deprive him of the opportunity of making profits such as he had made and probably would make if he were allowed to continue its operation. Insolvency of the defendant and inability to respond to such damages as the plaintiff might recover for breach of the contract is ground for injunctive relief to prevent the continued interference with plaintiff's operation of the mill. *Justices of Pike County* v. *Griffin &c. R. Co.,* 11 *Ga.* 246, 250; *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342, 349 (50 S. E. 164). If the anticipated profits could not be recovered, this would tend to show irreparable injury, and would be an additional reason for injunctive relief. The contract in question, being of the character as indicated above, is not merely a contract of tenancy for possession and occupation of the rented premises by the tenant within the meaning of the Code of 1933, § 61-102, which declares: "Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol; and if made for a greater time, shall have the effect of a tenancy at will," or within the rulings in the cases of *Nicholes* v. *Swift,* 118 *Ga.* 922 (45 S. E. 708); *Beasley* v. *Lee,* 155 *Ga.* 634 (3) (117 S. E. 743), where the contract was for lease of the property for rentals to be paid at stated times, and did not involve the right to use milling machinery as a part of a contract to put the mill in condition and carry on a milling business. The distinction is recognized in *Petty* v. *Kennon,* 49 *Ga.* 468, where, applying the doctrine of estoppel, it was said: "Where the terms of a parol contract for the rent of land were, that the tenant should pay a certain portion of the crops for rent, 'that he should repair the fences around the cleared land, and the landlord was to pay him for it, that he was to stay on the place one, two, three, four or five years, if both parties were willing, and at all events until he should get pay for the work done on it,' and the tenant did repair the fences,

and paid the rent, except of the cotton, which he retained, the landlord still owing upwards of $40.00 after allowing for the rent cotton, for work done in repairs : Held, there was such a performance of the contract by the tenant, that the landlord could not, on the expiration of the first year, treat him as a tenant at will, so as, on a notice to quit, without payment or tender of what was due for repairs, to be entitled to a warrant to dispossess him as a tenant holding over." However, dealing with the contract as creating a tenancy at will, and the case as if there was no estoppel against treating it as a tenancy at will, the defendant would not have the right to terminate the tenancy without giving the 60-day statutory notice; nor would he have the right to eject the tenant without resort to the remedies afforded by law. The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*