THERESA SPEERS, Plaintiff in Error, *v.* THOMAS FLACK, Defendant in Error.

*Landlord and Tenant.*—A tenant, holding under a lease for a definite period of years, which requires the landlord to pay the appraised value of the buildings erected by the tenant and remaining at the expiration of the lease, cannot hold over the possession after the term, on the ground that he has not been paid such value by his landlord, unless such authority be given by the terms of the lease. The tenant must seek his remedy by action upon the lease.

*Error to St. Louis Land Court.*

*E. T. Farish*, for plaintiff in error.

*P. L. Hudgins & Son*, for defendant in error.

DRYDEN, Judge, delivered the opinion of the court.

This was an action of unlawful detainer to recover possession of a lot of ground in the city of St. Louis, which the defendant held over after the termination of the time for which the same was demised to the defendant's assignors. The case was taken to the Land Court by *certiorari*, where a trial was had, resulting in a verdict and judgment for the defendant.

It appeared on the trial that on the 26th of September, 1839, the plaintiff and her husband, who has since died, leased the property in dispute to Angelbech and Linkemeyer for the term of nineteen years next thereafter. The lease contains the following stipulations on the part of the lessors, to-wit:

"It is agreed between said parties that if any buildings shall be and remain on said premises at the expiration of said term, which shall have been erected by the said parties of the second part, the same shall be appraised by five disinterested persons, two of whom are to be selected by each of the said parties, and the fifth by those first chosen. And the said parties of the first part, or their representatives, are to allow and pay to the parties of the second part, or their representatives, the appraised value of the said buildings."

The lessees assigned the lease and their rights thereunder to the defendant Flack, who was in possession of the premises at the expiration of the term, and also at the commencement of the suit. It was also shown that the lessees put improvements on the premises, which at the expiration of the term were appraised as provided in the lease at the sum of two hundred and fifty dollars, which had neither been paid nor tendered at the commencement of the suit. The court then declared the law of the case to be that " unless the plaintiff paid or tendered

to the defendant the amount at which the improvements on the leased premises were appraised, she is not entitled to maintain this action."

The only point in the case is as to the propriety of this declaration of the law.

The lease was for a fixed and determinate period of time, at the expiration of which the lessors became entitled by operation of law to the possession of the demised premises. There is nothing in the deed, express or implied, by which the right of the lessors to a return of the possession was made to depend upon the previous performance of the covenant to pay for improvements. The agreement to pay is a covenant, the non-performance of which entitled the lessees or their assignee to an action for damages, but nothing more.

The lessees did not see fit to reserve the right in the deed, as they might have, to retain possession of the leased premises as security for the performance of the lessors' covenant to pay, and we have no power to supply the omission. The defendant must, therefore, look to his remedy by action. He has none other left him. The Land Court erred in its declaration of the law, and for this reason its judgment is reversed and the cause remanded.

The other judges concur.