### BEDGOOD v. CARLTON et al.

FISH, C. J. 1. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed, except in cases of injunction to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending: Provided, no relief is prayed as to matters not included in such litigation." Civil Code (1910), § 5527.

2. A proceeding instituted under the Civil Code, §§ 5385 et seq., to evict one from the possession of land, wherein a counter-affidavit has been filed, and the papers have been returned by the officer serving the process to the superior court of the county of the defendant's residence, for trial of the issue thus raised, is, until disposed of, a pending proceeding within the meaning of section 5527, supra. See § 5388; *Ellis v. Stewart*, 123 *Ga.* 242 (51 S. E. 321); *Townsend* v. *Brinson*, 117 *Ga.* 375, 381 (43 S. E. 748).

(a) Such court has jurisdiction to stay, by injunction, the dispossessory proceeding, upon the petition of the defendant alleging that the plaintiff (a non-resident of the county wherein the same is pending) procured from the defendant by fraud, the details of which are fully set forth, a deed to the land in question, there being in addition to the prayer for injunction one for the cancellation of such conveyance.

3. The evidence authorized the granting of an interlocutory injunction.

> *Judgment affirmed. All the Justices concur.*
> APRIL 12, 1916.

Injunction. Before Judge Patterson. Gilmer superior court. October 12, 1915.

*William Butt, J. S. James,* and *J. R. Bedgood,* for plaintiff in error. *A. H. Burtz* and *D. W. Blair,* contra.