DeVore *et al. v.* Baxter, executor.

Gilbert, J. David DeVore and William DeVore as administrator of the estate of J. E. DeVore, deceased, filed a petition in Forsyth superior court, against A. M. Baxter (of Gwinnett County) as executor of the will of J. R. DeVore, deceased, alleging substantially, that J. E. DeVore was the father of both of the plaintiffs and of J. R. DeVore, that he died in 1914, in possession of designated lands in Forsyth and Milton counties; that Baxter, as executor of J. R. DeVore, had filed a dispossessory and a distress warrant against D. W. DeVore, asserting that the latter was in possession of the premises as tenant holding over; that counter-affidavits to both of these warrants were duly filed, and the issues were pending in the superior court of Forsyth county; that William DeVore, as administrator of the estate of J. E. DeVore, was in possession of the land; that J. R. DeVore, deceased, had obtained a deed from his father, J. E. DeVore, by fraud and undue influence; and that J. E. DeVore was at the time insane and incapable of executing a valid conveyance of the land. The prayers were, for process; that the two warrants be enjoined, and the issues arising thereon be determined in this suit; that the deed above mentioned be cancelled and declared of no force and effect; that the title to the land be quieted and be declared to be in William DeVore, as administrator of J. E. DeVore, deceased, for the purpose of administration and distribution. To this petition Baxter, as executor of J. R. DeVore, interposed a general demurrer on the grounds that the petition set out no cause of action, and because Baxter is a resident of Gwinnett county and the superior court of Forsyth county has no jurisdiction over him and no authority to enjoin the proceedings by distress and dispossessory warrants; and that the writ of injunction cannot be invoked to

settle or dispose of legal proceedings of this character. The demurrer was sustained and the petition dismissed. The plaintiff excepted. A motion was made in this court to dismiss the bill of exceptions, because there had been no final disposition of the main cases against David W. DeVore (the distress and dispossessory warrants). *Held*:

1. The motion to dismiss the bill of exceptions is without merit, and is denied.

2. Where one sues out a dispossessory and distress warrant in a county other than that of his residence, and counter-affidavits are filed, thus transferring the issue to the superior court of the county where said warrants are pending, such person thereby submits himself to the jurisdiction of that county as to all matters included in such litigation. It was error, therefore, to dismiss the petition on the ground that the superior court of Forsyth county had no jurisdiction of the defendant. *Bedgood v. Carlton*, 145 *Ga.* 54 (88 S. E. 568); *Home Mixture Guano Co.* v. *Woolfolk*, 148 *Ga.* 567 (97 S. E. 637).

3. The petition set out a cause of action, and was not subject to general demurrer.

*Judgment reversed. All the Justices concur.*

No. 1658. MAY 13, 1920.

Equitable petition. Before Judge Morris. Forsyth superior court. August 26, 1919.

*G. F. Gober, H. B. Moss, G. B. Walker*, and *C. L. Harris*, for plaintiffs. *J. P. Brooke*, for defendant.