MANSFIELD *v.* GRAY.

FISH, C. J. 1. A petition for injunction to stay a pending proceeding may be filed in the court where the proceeding is pending, though the party instituting it resides in a different county; provided no relief is prayed as to matters not included in such litigation. Civil Code (1910), § 5527.

2. A distress warrant and a statutory counter-affidavit thereto, when duly returned to the superior court of the county of the defendant's resi-

dence, for trial of the issue thus made, constitute, until disposed of, a pending proceeding within the meaning of the Civil Code, § 5527. *Bedgood* v. *Carlton*, 145 *Ga.* 54 (88 S. E. 568), and cases cited.

(*a*) Such court·has jurisdiction to stay said proceedings, by injunction, upon the petition of the defendant alleging that he never was the tenant of the plaintiff; that in 1904 the plaintiff (a non-resident of the county wherein the proceeding is pending) sold the land, for which he now claims rent for 1919, to the defendant at an agreed price for which defendant gave plaintiff certain promissory notes; that plaintiff placed defendant in possession as purchaser, giving defendant at the time a bond for title upon payment of the notes; that defendant has remained in possession since 1904, and has paid more than the sum of the notes in cotton which plaintiff agreed to receive in payment and hold for an advance in price for defendant's benefit; there being, in addition to the prayer for injunction, prayers for an accounting, and that plaintiff be required to specifically perform his contract by executing to defendant a deed to the land.

3. A petition with such allegations is not demurrable on the grounds, (*a*) that the superior court wherein the proceeding is pending is without jurisdiction to enjoin it; (*b*) that the relief prayed is as to matters not included in the pending proceeding; (*c*) that defendant has a complete and adequate remedy by the counter-affidavit.

The judgment overruling the demurrer is

*Affirmed. All the Justices concur.*

No. 2748. MAY 15, 1922.

Equitable petition. Before Judge Munro. Taylor superior court. March 28, 1921.

*W. E. Steed* and *C. W. Foy,* for plaintiff in error.