## VICKERS *v.* ROBINSON *et al.*

1. Where a resident of a county in this State institutes statutory proceed-
ings in another county to distrain his alleged tenant for rent and to
dispossess him for failure to pay rent, and the alleged tenant files statu-
tory affidavits in all of such proceedings, in which he denies the rela-
tion of landlord and tenant, and alleges that he holds under the plain-
tiff in virtue of a contract of sale of the land, and such affidavits are
returned to the court having jurisdiction in the county where such pro-
ceedings are instituted, the plaintiff by institution of such suits submits
himself to the jurisdiction of the courts of that county; and in a proper
case the defendant may institute an equitable suit in that county against
the plaintiff to enjoin the prosecution of the suits, and in the same
action seek other equitable relief such as a decree for specific performance
of the contract for sale of the land.

2. Where a defendant in a statutory proceeding to distrain institutes
against the alleged landlord an equitable suit of the character mentioned
in the preceding note, the pendency of a prior equitable suit in another
county is not cause for abatement, the last-mentioned suit being one
instituted by the alleged vendor against the licensee of the alleged
vendee to enjoin the cutting of timber on the land, in which the alleged
vendee intervened and set up his equitable title, but did not pray to
enjoin the pending suits.

3. The allegations on the subject of tender as mentioned in the correspond-
ing division of the opinion were sufficient as against the grounds of
demurrer to them.

4. The allegations of the petition set out in the corresponding division of
the opinion were not subject to demurrer on the ground that they were
argumentative and mere conclusions of the pleader.

5. A ground of demurrer to the petition stating: "That all allegations in
an effort to set up sale of said lands should be stricken, being too in-
definite, too uncertain, being without consideration, and wholly unilat-

eral, and petition should be dismissed," fails to definitely indicate particular allegations of the petition which it is contended are insufficient, and therefore does not present any question for decision.

6. Specific performance of a parol contract as to land will be decreed, where the vendee has been admitted into possession and has made valuable improvements on the land, where it clearly appears that the entry of possession and valuable improvements were made with reference to the parol contract. The valuable improvements may be slight and of small value, provided they are substantial and permanent in their nature, beneficial to the freehold, and such as none but an owner would ordinarily make on the estate under like circumstances. Under application of the foregoing principles the petition alleged a cause of action for specific performance of a parol contract for sale of land, and was not subject to general demurrer.

7. A motion for new trial is not an available remedy for reviewing an exception to a judgment overruling a demurrer (*Bearden* v. *Holland*, 134 *Ga.* 70 (2), 67 S. E. 432), or for reviewing an exception as to the form or sufficiency of a decree. *Fowler* v. *Johnson*, 151 *Ga.* 122 (*c*) (106 S. E. 90).

8-10. The exceptions to the charge set out in the corresponding divisions of the opinion are not erroneous for any of the reasons assigned.

11. The charge set out in the corresponding division of the opinion was not misleading as contended, or erroneous for any reason assigned. If more specific instructions were desired as indicated in the grounds of exceptions to the charge, there should have been appropriate written requests.

12. The charge set out in the corresponding division of the opinion states a correct principle of law applicable to the case; and it is not a good ground of exception to the charge to allege that it fails to state other principles of law applicable to the case.

13. The judge having charged the provisions of the Civil Code (1910), § 4634, relating to the necessity of making valuable improvements on land, where it is sought by a decree of specific performance to enforce a parol contract for the purchase of land, it was not erroneous, in the absence of appropriate written requests, to give further instructions as to the nature of valuable improvements.

14. The evidence authorized the verdict.

No. 3721. MARCH 1, 1924.

Specific performance. Before Judge Shurley. Johnson superior court. January 10, 1923.

On October 12, 1920, Newton Robinson Sr. and four other named persons instituted an equitable action in the superior court of Johnson County, against Thomas E. Vickers. The following narrative states the substance of the allegations of the petition. On November 15, 1916, the petitioners made a parol purchase from the defendant of a described tract of land located in Johnson County, containing 400 acres, more or less. The total purchase-price was

$8000, to be divided into five annual payments of $1600 each, the first payment to be made in the fall of the year 1917. It was not convenient to reduce the contract to writing on the day of the purchase, but the vendor agreed to make a bond for title at an early date. Repeated demands for a bond for title were refused by the vendor. In December, 1916, the purchasers went into possession under the contract by the express consent of the vendor, and continuously cultivated 275 acres more or less of the land. On October 1, 1916 [1917?] the purchasers tendered to the vendor the first annual payment of $1600. He refused to accept the money, and repudiated the sale at $8000; but he stated to the purchasers that he would sell the land at $10,000, and unless the purchasers would pay that price they would have to pay him rent for the property. On October 23, 1917, the vendor sued out a distress warrant against the purchasers, returnable to the city court of Wrightsville in Johnson County, for $2180, the value of 16 bales of cotton, for rent of the land for the year 1917. On the following day the purchasers filed a counter-affidavit denying the relation of landlord and tenant, and alleging all that is stated above, and further that "under said purchase and by virtue of their possession they have made valuable improvements on said land since the date of purchase and the date of their possession; that they have cleared, . . and put under cultivation . . eleven acres, . . they have cut the timber and undergrowth . . on four acres of said land, and they [have] cut and felled . . timber logs and hauled the same to the sawmill and had said logs converted into lumber and hauled back and placed upon the premises, preparatory to the erection of a residence upon the same, in the sum of 6000 feet of pine lumber, and that they are now ready to go forward with the erection of said building; . . [they] have purchased wire fencing and have erected upon said tract of land a pasture containing four acres for their stock; and that all of their said improvements have been made upon said premises, not as renters of land, but as purchasers." On January 2, 1918, the vendor sued out a warrant to dispossess the purchasers as tenants holding over, which was also returnable to the city court of Wrightsville. The purchasers filed a counter-affidavit to this proceeding. Similar proceedings were had to distrain and dispossess for each of the succeeding years 1918, 1919, and 1920.

During the year 1918, the purchasers sold to the Dublin Veneer

Mills, of Laurens County, certain hardwood growing on the land. When the Dublin Veneer Mills undertook to cut the hardwood, the vendor, Vickers, instituted a suit against the Dublin Veneer Mills to enjoin the cutting of the timber. The purchasers from Vickers were not made parties, but were allowed to plead in the case; and in their answer they set up "fully their purchase of said land and offer to pay for same in accordance with their said contract, and further . . offered to pay the full amount of said purchase-money, to wit $8000." Said petition and answers are pending in Laurens superior court, undisposed of. All of the actions above described are still pending. Trial of them will entail great expense on petitioners; and because of the limited jurisdiction of the courts, the verdicts and judgments would not settle the title of the land. After a trial of each of the distraining and dispossessory cases, the petitioners would then have to go into a court of equity to secure title to the land. The last payment of $1600 will be due in the fall of 1921, and the vendor, having repudiated the contract, will again sue out a distress warrant. During the years 1918, 1919, and 1920 the vendor has continuously interfered with the purchasers, rendering it impossible for them to employ sufficient labor, by telling laborers and their friends that they had better not work on the place for the purchasers, as they would not get anything for their labor. The vendor will continue such interference unless enjoined. The full amount of the purchase-money due the vendor under the contract of purchase, to wit $8000, is now tendered. The prayers are for injunction to prevent the vendor from further prosecution of any of the suits, and from doing any of the several things of which complaint is made; that the several suits be joined in this one action; that all the issues therein made be tried by the court in the exercise of its equity jurisdiction; that the vendor be required to execute all proper conveyances that may be necessary to fully vest the title to the land in the purchasers; and for general relief.

The defendant filed a plea to the jurisdiction which was overruled. He also filed a demurrer to the petition, which was overruled. Exceptions pendente lite were taken to both rulings. The defendant also filed an answer. The answer admitted the allegations of the petition as to suing out the distress warrants and dispossessory proceedings, and the filing of the counter-affidavits. It also admitted that defendant filed the suit to enjoin the Dublin Veneer Mills, but

denied that the plaintiffs were made parties to that case. All other material allegations of the petition were denied, and especially the allegations as to a contract of sale to the plaintiffs. It was alleged that in 1916 the plaintiffs rented the land from defendant at an annual rental of sixteen bales of cotton, and that they have continuously occupied the lands as tenants and are now due the rents as distrained for the years 1917 to 1920, inclusive. At the trial the jury returned a verdict for the plaintiffs. The defendant's motion for a new trial was overruled, and he excepted. Error was also assigned on the exceptions pendente lite. The other facts appear in the opinion.

A. L. Hatcher and B. H. Moye, for plaintiff in error.

E. L. Stephens, contra.

ATKINSON, J. 1. At the appearance term the defendant filed his plea to the jurisdiction. It was alleged in the plea that at the time of the commencement of the suit, and ever since, the defendant has resided in Washington County, and has not during such time resided in Johnson County; that the superior court of the former county has jurisdiction of the case, and the superior court of the latter county, in which the action was brought, has not jurisdiction. One assignment of error is upon the judgment striking the plea. The same question was also raised by demurrer to the petition. There need not be separate rulings on the question. The action involved (1) specific performance of a parol contract for the sale of land, and (2) injunction of pending suits in the city court of Wrightsville, and consolidation of such suits for trial in one case in the court of equity. The suits in the city court were instituted by the non-resident defendant in this case, who has pleaded to the jurisdiction in the equity suit. They relate to the same property, and all involve the question whether the alleged purchasers had a contract of sale or whether the contract was one merely of rental of property. By instituting the suits in the city court of Wrightsville, the defendant (the alleged vendor) submitted himself to the jurisdiction of the superior court of Johnson County (in which the city court of Wrightsville is held) for the purpose of enjoining such suits. Civil Code (1910), § 5527; Bedgood v. Carlton, 145 Ga. 54 (88 S. E. 568); Home Mixture Guano Co. v. Woolfolk, 148 Ga. 567 (97 S. E. 637); DeVore v. Baxter, 150 Ga. 188 (103 S. E. 242); Mansfield v. Gray, 153 Ga. 414 (112 S. E. 646). The court of

equity taking jurisdiction for the purpose of enjoining those suits will do complete equity by adjusting the rights of the parties on the prayer for specific performance. Civil Code (1910), § 4522.

2. One ground of demurrer was that the petition showed "that prior to and at the time of the filing of this suit, and now, there is pending in the superior court of Laurens County, Georgia, a court of equitable jurisdiction, a petition in equity in which Thomas E. Vickers is plaintiff and the Dublin Veneer Mills defendant, in which the plaintiffs in this case filed their cross-bill setting up substantially the same statement of facts and asking the same relief as well as specific performance, being the same subject-matter and same parties, [which] two suits should not subsist at one and the same time." The cross-petition in the former case related to one feature of the injunction suit now under consideration, but not to all the relief that is prayed, and especially not any relief such as injunction against prosecution of the pending actions in the city court of Wrightsville. In these circumstances the petition was not subject to be dismissed on the ground of pendency of a former action between the same parties, as provided in the Civil Code, § 4331.

3. Another ground of demurer was directed against the allegations of tender, as contained in paragraphs 7, 23, and 30 and elsewhere in the petition, "for the reason that the same are inadequate, insufficient, and not in compliance with the law." The allegations of paragraph 7 were in effect that on a stated date, and at "divers times before and thereafter," petitioners tendered to defendant "the first annual payment of $1600 purchase-money on said land under said contract, which said [defendant] . . refused to accept, and put petitioners on notice that he would not accept said amount or any other amount as purchase-money, that he repudiated said contract of sale at $8000, but would sell them said land for $10,000, and if petitioners would not pay the latter sum they would have to pay rent. The other allegations of tender were of the same character. The allegations of tender were sufficient as against the grounds of demurrer.

4. It was alleged in paragraph 11 of the petition: "That in the year 1918 petitioners sold to the Dublin Veneer Mills of Laurens County, Georgia, a lot of hardwood on said land; that said Dublin Veneer Mills were proceeding to cut said hardwood; that said

Thomas E. Vickers brought his petition to restrain said Dublin Veneer Mills from cutting said hardwood, on which petition a temporary restraining order was granted by the judge of the superior court of said county; that said Veneer Mills filed their pleas and answer to said petition; that petitioners, while not named parties defendant, filed their answer, setting up fully their purchase of said land and offer to pay for same in accordance with their said contract, and further in said plea tendered and offered to pay the full amount of said purchase-money, to wit $8000; that said petition and answers are pending in the superior court of Laurens County, Georgia, undisposed of." It was alleged in paragraph 12: "That petitioners are all residents of Johnson County, Georgia; that in order to inconvenience, harass, embarrass, and put petitioners to great inconvenience, trouble, and expense, said Vickers failed purposely to make them parties defendants to said petition for injunction, so that same could be defended and tried in the superior court of Johnson County, their residence, where they and all their witnesses resided, it being then and there the declared purpose of said Vickers to make said litigation so expensive and inconvenient to petitioners that they could not afford to litigate same, and would thereby lose their rights under said contract of purchase, they being tillers of the soil, without means except as they made it out of the ground, said Vickers being a person of very large means and money." It was not error to overrule the demurrer to these paragraphs of the petition; the grounds of demurrer being that they are "argumentative" and mere conclusions of the pleader.

5. The ruling announced in the fifth headnote does not require elaboration.

6. Other grounds of demurrer alleged a failure to state in the petition sufficient facts to take the parol agreement out of the statute of frauds and failure to allege facts sufficient to authorize a decree for specific performance of the alleged parol agreement. These grounds of demurrer challenge the sufficiency of the petition to allege a valid and enforceable contract for a sale of the land. It is the law, as provided in Civil Code (1910), § 4634, that specific performance of a parol contract as to land will be decreed where the vendee has been admitted into possession and has made valuable improvements upon the land, where it clearly appears that the entry of possession and valuable improvements were made with reference

47

to the parol contract. Referring to the provision as now contained in the Civil Code (1910), § 4634, this court held, in the case of *Porter* v. *Allen,* 54 *Ga.* 623 (4): "Slight improvements and of small value, provided they are substantial and permanent in their nature, beneficial to the freehold, and such as none but an owner would ordinarily make upon the estate under like circumstances, may constitute the improvements contemplated by the statute: Code, section 3189; but whether slight or extensive, they will not serve unless of real value, nor unless they are made by or for the donee pending her possession, and upon the faith of the parol gift sought to be set up and enforced by the bill." While the decision was not cited, the principle was restated and applied in *Farr* v. *West,* 152 *Ga.* 595 (110 S. E. 724), where it was held: "'Valuable improvements,' as used in the Civil Code (1910), § 4634, relating to specific performance of a parol contract for the purchase of real estate, mean improvements of such character as add permanent value to the freehold, and such as would not likely be made by one not claiming the right to the possession and enjoyment of the freehold estate. Improvements of a temporary and unsubstantial character will not amount to such part performance as, when accompanied by possession alone, will take the contract out of the operation of the statute of frauds." Under application of the principle stated, it was held that the averments of the answer in the nature of a cross-bill were sufficient as against a demurrer. In that case the answer in the nature of a cross-bill sought to set up a parol contract for the purchase of land, on the ground that after the contract the vendee entered possession of the land and made valuable improvements thereon in pursuance of the contract of purchase. The land consisted of two lots in the town of Camak, one of which was 66 feet wide and 110 feet long and the other contained about one half of an acre. The cross-petition alleged a parol purchase of this land at the price of $700, and that the vendor "agreed for this defendant to go into possession of said lots and to plant and cultivate them, and . . to . . execute [a deed] to him . . as soon as she was able to go to Warrenton; . . that in pursuance of said contract of purchase he went into possession of said lots and made valuable improvements thereon by clearing off said lots and plowing up the same and preparing them for planting and cultivation, and by putting on them fertilizer of the value of $15, and by planting seed of

the value of $5, and that defendant now has a crop up and growing on said premises; . . that all of his conduct in connection with improving said lots was done under and by virtue of the authority given to him by the petitioner, and with knowledge on petitioner's part [that] he was cultivating said land." The foregoing was amended by alleging "That after petitioner had sold to this defendant two lots of land described in her petition, and had authorized this defendant to go into possession of same, he cleaned off the bushes and brush and rubbish from said land and planted it in crops which are now growing thereon, said crops consisting of cotton and sweet potatoes, and that defendant has gone to an expense upwards of $30, and will have to incur additional expense in making and gathering said crop." The demurrer to that portion of the answer and amendment was: "That the facts alleged and set out in the original answer and the amendment thereto do not allege such facts as show that the defendant has so far executed the contract that should the same be abandoned that he cannot be restored to his former position; neither does the defendant allege full payment of the purchase-money accepted by the vendor nor partial payment of the purchase-money accompanied with possession; nor possession with valuable improvements. Therefore the contract which the defendant sets out and alleges in his answer and amendment thereto is nothing more than a parol agreement for the sale of land, which contract is within the statute of frauds and cannot be enforced."

It will thus be seen that in that case what character of improvements would amount to "valuable improvements" as referred to in the Civil Code (1910), § 4634, was directly involved, and the ruling of this court that the allegations were sufficient as against the demurrer was a decision that improvements of the character specified would meet the requirements of the Code. That decision will require a ruling in the case under consideration, that the improvements alleged by the petitioners to have been placed by them on the land in pursuance of the alleged parol agreement of purchase were of such character as to comply with the requirements of the above mentioned provision of the Code. The petition alleged a definite parol agreement between the defendant and the petitioners as to a sale of described land at a definite price to be paid for in the future at stated times. It also alleged that in pursuance of the con-

tract and by consent and direction of vendor the petitioners went into possession of the land, and after going in possession and acting in pursuance of the contract they made valuable improvements upon the land. The character of the improvements was set forth in a paper referred to in paragraph 8 as a part of the petition. It was there alleged: That "these defendants [plaintiffs in this action] further maintain and allege that under said purchase and by virtue of their possession they have made valuable improvements on said land since the date of purchase and the date of their possession; that they have cleared, plowed and put under cultivation new ground land to the number of eleven acres; that they have cut the timber and undergrowth off of and cleared away the same on four acres of said land, and that said four acres are now ready for the plow; that they cut and felled . . timber logs and hauled the same to the sawmill, and had said logs converted into lumber and hauled back and placed upon the premises, preparatory to the erection of a residence upon the same, in the sum of 6000 feet of pine lumber, and that they are now ready to go forward with the erection of said building; that said . . [petitioners] have purchased wire fencing and have erected upon said tract of land a pasture containing four acres for their stock; and that all of their said improvements have been made upon said premises, not as renters of the land, but as purchasers." In view of the former decisions it must be held that the petition was not subject to demurrer.

7. The ruling announced in the seventh headnote does not require elaboration.

8. The seventh ground of the motion for new trial complains of the following charge to the jury: "The highest compliment that can be paid to American citizens, the highest duty that he is called upon to perform, is that of judicating the rights of property between his fellow citizens, and also the rights and liberties of his people. And you, as honest and upright jurors chosen and sworn at the beginning of this court, took the oath that you would pass upon each and every question submitted to you without favor or affection of either party, that you would give such a verdict as your minds and conscience would authorize you to under the evidence and under the charge of the court. You were not selected by one party to this case, but you were selected as honest and upright jurors by both the

plaintiff and the defendant, to pass upon their rights in this case; and under your oath it would be manifestly wrong for you to let enter into your deliberation any race prejudice, or anything other than the sworn testimony and documentary evidence introduced in this case under the charge of the court. You are placed in the jury-box as honest and upright jurors drawn from the tax-digest of your county by the jury revisors, and from that box selected by your judges at the last term of this court for the purpose of serving as jurors at this term of the court. Confidence has been placed in you, not only by the court but by the parties in this case; confidence has been placed in you by both the plaintiffs' counsel and the defendant's counsel; and it would be manifestly wrong for you to violate your oath, though how secret it might be, God would know it; and if you were to go outside of this case to get something to base your verdict on, other than the sworn testimony from the witness stand and the documentary evidence introduced, would be violating your oath." The eighth ground of the motion complains of the following charge: "I charge you, if you have bias or prejudice on your mind either for or against the plaintiffs or the defendant in this case, that you discard that from your deliberation, that you draw the curtain between yourself, between both the plaintiffs and the defendant, and decide this case solely on its merits. If you do that, then you would have performed the office for which you took the oath that you would perform, and whatever your verdict may be, if it be based on the law and evidence in this case, will not hurt your future life and conduct." The exceptions to these portions of the charge are that they tended to prejudice the minds of the jurors against the defendant, and amounted to an intimation by the court that the defendant, a white man, was endeavoring to take advantage of the plaintiffs, who were negroes; also that it was an intimation that the proceedings theretofore instituted by the defendant against the plaintiffs were unjustified, thereby prejudicing the minds of the jurors against the defendant; also that the charge was unnecessary, illegal, and exceeded the power of the court. The charge was not erroneous for these reasons.

9. The ninth ground of the motion complains of the following charge: "In 1916 the defendant in this case sued out a dispossessory warrant, and also a distress warrant, against the plaintiffs in this case, for the purpose of dispossessing them, and also for the

purpose of recovering certain rents alleged to have been due him for the year 1917 (I said 1916 a while ago, but I meant 1917); and a counter-affidavit was filed by the plaintiff in this case, and a bond given. The defendant in this case, in the year 1918, sued out another distress warrant for the purpose of collecting some rents alleged to have been due him by the plaintiffs in this case for the year 1918; he claimed that the rents was twenty-four bales of cotton; the plaintiffs in this case filed a counter affidavit and gave bond for the property. In 1919 another distress warrant was sued out by Dr. Vickers, the defendant in this case, for the purpose of collecting some rents alleged to have been due him for the year 1919; and to that distress warrant the plaintiffs in this case filed their counter-affidavit and gave bond, alleging that they were not due him any rents for all these years, but that they purchased this land and therefore [are] not liable for the rents of said land. And to those cases pending in the city court of your county, the plaintiff filed in this court their petition against the defendant, alleging that at a certain time named therein they did make and entered into a parol contract for the sale of the lands therein set out, and that they entered into the possession of this land and made valuable improvements upon said land, and that the defendant in this case was to make them a bond for title to the place, and that they were to have five years for which to pay for this place at the rate of sixteen hundred dollars per year, and that they have requested the defendant, Doctor Vickers, to make them a bond for title to this place, and that he has refused to do so from time to time and carry out his part of the contract. And therefore they have filed their suit in this court for specific performance on the part of the defendant, Doctor Vickers, and ask that he execute them a bond for title to this place, and finally a deed to said place upon the payment of the purchase-price, which was $8000, I believe, and for which contract they are ready and willing to carry out." The error assigned on this portion of the charge is that it is incomplete, because it failed to state all of the proceedings in the matters to which the judge was referring, and that the same was given in a manner calculated to prejudice the minds of the jurors against the movant. There was no merit in this ground of the motion for new trial.

10. The tenth ground complains of the following charge: "To

the petition, Doctor Vickers has filed his answer denying each and every allegation therein; that he has never made at any time a contract of sale to these plaintiffs, but on the other hand he rented the said premises to them, and that the plaintiffs have never tendered him any money for the purchase-price of this land, and that he would not have received it if they had tendered him any money, and that he made no contract of sale with these plaintiffs." This was alleged to be erroneous, because the court failed to set out clearly all of the contentions of the movant, and omitted reference to the contentions (a) that there was no contract of sale, and that the only contract between them was one of rental; (b) that none of the alleged improvements were made on the land before the issuing of the distress warrant; (c) that nothing had been done by plaintiffs that would take the case out of the statute of frauds; (d) that no tender was made of the alleged purchase-price. The portion of the charge excepted to was a correct statement of contentions made by the defendant. The criticisms are without merit, in view of the immediately following part of the charge: "These are the issues in this case between the plaintiffs and the defendant; but if there is any other contention that I have left out, you will have out with you the plaintiff's petition and the defendant's answer, and you can determine from them the other issues between them, and for that purpose only."

11. The eleventh ground complains of the following charge: "I charge you that the burden is upon the plaintiffs to show you that there was a contract between them and Doctor Vickers for the purpose of conveying to them certain land described in this petition. The burden is upon them to show, if you believe there was a contract of sale between them, that the contract was so definite and specific that there would remain no reasonable doubt in your minds as to the agreement; and they must also show that they made a tender to Doctor Vickers the amount due on the contract, before you would be authorized to find for the plaintiffs; and they must show that they tendered the amount due to Doctor Vickers, and that he refused to take it and carry out his part of the contract; and I charge you that if you find that they made a tender to Doctor Vickers and that he refused it and declared the contract null and void, then it would not be necessary for them to make a further tender of the amount alleged to be due; and if you find that, it would be your

duty to find for the plaintiffs; otherwise it would be your duty to find for the defendant." The criticism upon this portion of the charge is that it is too general, and does not contain all of the legal requirements and conditions to be proved by the plaintiffs to authorize specific performance, as the law requires that a parol contract for land, to be enforced, should be so clearly, strongly, and satisfactorily shown and proved as to leave no reasonable doubt as to the agreement or contract; also that the court failed to charge in this connection the correct principles of law as to what constitutes a parol contract for the sale of land and the conditions under which it may be enforced; also that the language is misleading as to what was necessary for the plaintiff to prove as to the contract and what constitutes valuable improvements; and also that the instruction with reference to tender was misleading in so far as it stated that the plaintiff must show a tender of "the amount or some part of it." In the light of the charge as given, if further instructions were desired as indicated in the ground of exception to the charge, there should have been appropriate written requests. The charge was not misleading as contended, or erroneous for any reason assigned.

12. The twelfth ground complains of the following charge: "I charge you that if you believe that the plaintiffs and the defendant entered into a parol contract for the sale of the land described in the petition, and that under that contract the plaintiffs entered upon the lands and made valuable improvements thereon as stated, if you believe there is a contract, and the plaintiffs tendered the amount due to Doctor Vickers and that he refused to accept it and carry out his part of the contract, that if you believe there was a contract between them, it would be your duty to find for the plaintiffs; but on the other hand if you believe there was no contract of sale between them, then it would be your duty to find for the defendant." The assignments of error on this charge were: (a) that it is too general and fails to charge the law relating to the kind of contract that is capable of enforcement; (b) it fails to state any rule by which the jury could be guided in determining whether valuable improvements had been made on the land in relation to the contract; (c) it fails to state any rule by which the jury might be guided in determining what valuable improvements are as relating to the contract; (d) that the language referring to tender is indefinite and misleading. It is not a good ground of exception to

a charge which states a correct principle of law applicable to the case that it fails to state other principles of law applicable to the case.

13. The thirteenth ground of the motion for new trial is: "Because the court erred in failing to charge the jury as follows: What constitutes a parol contract for the sale of land; a rule whereby the jury would be guided in determining whether valuable improvements had been made on the land under the contract; what constitutes valuable improvements; what constitutes tender relating to the contract in question. That each parol contract stands upon its own peculiar facts; and the law should be given to the jury as relating to the contentions of the parties in that particular case, that the jury may be fully informed as to the issues they are to determine and pass upon in said case." The judge charged in the language of the Civil Code (1910), § 4634, as applicable to the case, which states the rule as to making valuable improvements in cases of specific performance of contracts for the sale of land. If more specific instructions on that subject were desired, it was incumbent on the movant to make appropriate written requests for such instructions. Other complaints of omissions to charge, considered in the light of the charge in its entirety, are without merit.

14. Though conflicting, the evidence was sufficient to support the verdict, and the judge did not err in refusing defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Atkinson, J., dissenting, and Hines, J., disqualified.*

BECK, P. J., and ATKINSON, J., dissent from the rulings announced in the eighth division of the opinion; also to the fourteenth division, which holds that the evidence authorized the verdict. As to this the evidence was insufficient to show that the petitioners made partial payment of the alleged purchase-price, or that they made valuable improvements on the land in pursuance of the alleged parol contract.