27363. PARHAM *v.* KENNEDY.

Decided May 3, 1939.

W. L. Ferguson, for plaintiff. R. R. Jones, for defendant.

MacIntyre, J. The written lease contract between T. A. Parham and A. E. Kennedy, the parties in this case, of ten acres of land, ran from September 1, 1936, to September 1, 1938, with an option to Parham to renew the lease for an additional three-year period, upon the same terms, that is, $100 per year, payable on November 1 in each year during the term of the lease. This lease contract was made for the purpose of Parham erecting a sawmill on the premises. Parham took possession of the premises under the lease, about September 1, 1936. About a month thereafter Parham agreed with the defendant to furnish the materials, and the defendant agreed to furnish the labor, in erecting on the leased premises five tenant-houses for which Parham was to pay for each $2.50 per month as rental, which rental would be credited on the materials furnished by Parham for the construction of the houses, it being stipulated that Parham would use or rent the houses for at least five years and accept the rental of the houses as payment for the materials. On or about October 1, 1936, Parham furnished the materials, amounting to $676.40, to build five tenant-houses on the premises described in the lease, and on December 29, 1936, filed a materialman's lien for this amount.

On September 9, 1937, Parham filed this suit against Kennedy, in which he asked for a general judgment, and for a special lien upon the property or premises in question, on account of the material-

man's lien, in the amount of $676.40, with interest at 7 per cent. from November 14, 1936. The defendant in his answer denied that he owed the plaintiff any amount; and for further answer alleged: "That plaintiff was engaged in the planing and sawmill business, and desired five additional tenant-houses for the use of his workmen and employees, and proposed to defendant that he would furnish all material necessary for the building of said additional houses, if defendant would furnish the labor and have them erected. Plaintiff stated that when said houses were finished he would pay the sum of $2.50, each, per month, as a rental for said five additional houses, which amount would be credited to the cost of the material which plaintiff was to furnish for said houses. Defendant says that plaintiff stated that he would use said houses for at least five years, and that he would accept the rental of said houses as payment for said material. Defendant says that he finished said houses on or about November 1, 1936, at a total labor cost of approximately $300; that plaintiff used said houses for a period of four months and until he moved from said land. Defendant says that said houses are worth the sum of $2.50 per month, each, or a total of $150 per annum; that said houses are at the disposal of plaintiff for such period of time as will be necessary to pay in full the amount due for material used in said houses and furnished by plaintiff." The jury returned a verdict in favor of the plaintiff, Parham, for $225, with interest at 7 per cent.

This case does not come under the rule that "the erection of improvements on the rented premises by the tenant will not amount to such part performance where such improvements were not made in pursuance of the rental agreement that the tenant should make them. The erection of such improvements by the tenant as an independent act, not a part of the contract, does not become a part performance thereof, *merely* because the doer of the act was led so to act by his belief or understanding that the parol contract would be performed by the other party" (italics ours), (*Marshall* v. *Hicks,* 159 *Ga.* 871 (2 *a*), 127 S. E. 273), but rather comes under the principle that "will prevent a landlord, who has made a [parol] contract with a tenant to hold possession for a term, or until he is reimbursed for improvements, and who, under the contract, has expended money and labor beyond the rent for the first year, from claiming at the end of that year, that it is a tenancy

at will, and from summarily ousting the tenant without even a tender of what the landlord's own witnesses prove was due the tenant." *Petty* v. *Kennon,* 49 *Ga.* 468, 471. The general rule relative to the creation of the relationship of landlord and tenant is that "A parol contract creating the relation of landlord and tenant, if made for a greater period of time than one year, has the effect of a tenancy at will. [Code of 1933, § 61-102]; *Western Union Telegraph Co.* v. *Fain & Parrott,* 52 *Ga.* 18. Such a tenancy may be terminated by either party, by giving the other party the requisite notice for such purpose, two months' notice from the landlord being necessary and one month's notice from the tenant being required. [Code of 1933, § 61-105]." *Nicholes* v. *Swift,* 118 *Ga.* 922, 924 (45 S. E. 708). However, where the party claiming the invalidity of the parol contract under the statute of frauds has accepted some benefit, such as an advancement of money and labor under the contract, or what in effect is payment of rent in advance beyond the first-year period, and the other party has suffered loss or injury, the party claiming the invalidity of the parol contract will be estopped from revoking the contract, under the statute of frauds, to the injury of the other party, where it is contrary to equity and good conscience so to do. *Williams* v. *Garrison,* 21 *Ga. App.* 44 (2) (93 S. E. 510); *Alexander-Seewald Co.* v. *Marett,* 53 *Ga. App.* 314 (3) (185 S. E. 589). Such a parol agreement does not change the real character of the tenancy, but bars the plaintiff, who went into possession, from revoking the parol contract until he shall have occupied the premises for a time sufficient for the rentals to offset or satisfy the expenses incurred, or until he has reimbursed the defendant for the amount expended, to wit, in the instant case, $300. *Sikes* v. *Carter,* 30 *Ga. App.* 539, 542 (118 S. E. 430). The jury were authorized, under the evidence, to find that the defendant landlord did not by his acts terminate the relationship of landlord and tenant (*Baldwin* v. *Lampkin,* 14 *Ga. App.* 828, 82 S. E. 369); that Parham, the plaintiff, had furnished to Kennedy, the defendant, $676.40 in material for the building of the houses in question; that the defendant was entitled to a credit of $2.50 per month for five houses for a period of four months, making a total of $50 (the plaintiff admitted at the trial that this credit should be given); that the defendant was entitled to a credit of $100, as rent for the land only, for the

second year under the rent lease; and that by reason of the misrepresentation of the plaintiff the defendant had expended $300 in money and labor. If all these credits were deducted from the $676.40, there would be left a balance of $226.40 in favor of the plaintiff, which is approximately the amount of the verdict returned by the jury, to wit $225.

Relative to the $300 item, Kennedy testified in part: "With reference to collecting the money [$676.40] for materials, he was to use the houses until he got his money. I built them and turned them over to him with that understanding. I didn't have a bit of use for them, not a bit. Yes, sir, they are renting for something now. I guess enough to pay for the taxes and upkeep. . . I would have never constructed those houses under any other circumstances. I didn't have any use for them. . . I never did promise to pay him for the materials. I didn't have the money. He was to use the houses until he got his money. I said I would build the houses, and he said he would use them five years. He said he would be there five years and was going to put in a planing-mill." The jury were authorized to find, under the evidence, that the plaintiff in effect had paid $676.40 as rent in advance (for a time sufficient to have exhausted the $676.40, which was the value of the materials furnished under the contract); and while the contract for the rental of the houses was not in writing and was for a period longer than one year, yet the plaintiff would be estopped from revoking the contract without compensating the defendant for the $300 that he had expended in labor and money under the contract. For the defendant expended the labor and money under the contract upon the faith of the representations made and the acts done by the plaintiff, and the plaintiff, in equity and good conscience, will not be allowed to revoke the contract until he has at least reimbursed and compensated the defendant for the labor done and the money expended under the contract. The jury were authorized to say that in equity and good conscience the defendant should be reimbursed the $300, or, in other words, that his account should at least be credited with $300 before the parol contract could be revoked and a verdict given for the balance due for material furnished. *McLeod* v. *Hendry*, 126 *Ga.* 167, 170 (54 S. E. 949); Code, § 20-402; 21 C. J. 1116, § 119. We can not say that the evidence did not authorize the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*