## WEST VIEW CORPORATION *v.* THUNDERBOLT YACHT BASIN INC. *et al.*

No. 17423.  Submitted March 12, 1951—Decided May 15, 1951.

94

John L. *Westmoreland*, John L. *Westmoreland Jr.*, *Jenkins &
Oliver*, *Robert J. Travis*, and *J. Ralph McClelland Jr.*, for plaintiff in error.

*Brannen, Clark & Hester* and *Ernest J. Haar*, contra.

ALMAND, Justice. ▇ (a) A proceeding to dispossess one from
the possession of land, wherein a counter-affidavit and bond
have been filed and the papers returned to the superior court
of the county of the defendant's residence for trial of the issues
raised, is, until disposed of, a pending proceeding within the

exception provided in Code § 3-202, which is as follows: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." *Bedgood* v. *Carlton*, 145 *Ga.* 54 (1) (88 S. E. 568). The defendant, a resident of Fulton County, having sued out dispossessory and distress warrants against the plaintiff in the Municipal Court of Savannah, upon the plaintiff filing counter-affidavits and bonds, and by operation of law the cases having been transferred to Chatham Superior Court (the Municipal Court of Savannah having no jurisdiction to try the issues made by the counter-affidavits—Ga. L. 1915, p. 124, sec. 3; Ga. L. 1927, p. 455, sec. 2), where they are now pending—the defendant has submitted itself to the jurisdiction of Chatham Superior Court as to all matters included in the litigation which it instituted. *DeVore* v. *Baxter*, 150 *Ga.* 188 (2) (103 S. E. 242); *Mansfield* v. *Gray*, 153 *Ga.* 414 (1) (112 S. E. 646); *Vickers* v. *Robinson*, 157 *Ga.* 731 (1) (122 S. E. 405).

(b) A landlord is liable for all susbtantial improvements placed upon the premises by his consent. Code, § 61-111. In a tenancy at will, where under the lease agreement the lessee agrees to make certain permanent improvements on the premises, the cost of which the lessee can apply against the monthly rentals, until he is reimbursed, and where, in pursuance of the contract, the lessee does make the improvements agreed upon, the character of the tenancy is not changed, but the lessor would be estopped to terminate the tenancy by giving the statutory notice. *Sikes* v. *Carter*, 30 *Ga. App.* 539 (3, 4) (118 S. E. 430). In such a situation, the lessor cannot, without payment for repairs and improvements made by the lessee pursuant to the agreement, or tender thereof, dispossess the lessee as a tenant holding over. *Petty* v. *Kennon*, 49 *Ga.* 468; *Richards* v. *Plaza Hotel*, 171 *Ga.* 827 (156 S. E. 809); *Tanner* v. *Campbell*, 182 *Ga.* 121 (184 S. E. 705). Compare *Harvey* v. *Atlanta & Lowry National Bank*, 164 *Ga.* 625 (139 S. E. 147); *Parham* v. *Kennedy*, 60 *Ga. App.* 52 (2 S. E. 2d, 765).

(c) Equity has jurisdiction over matters of account growing out of privity of contract or where a multiplicity of suits will render a trial difficult, expensive, and unsatisfactory at law. Code, § 37-301. The facts alleged in the instant petition were sufficient to state a cause of action for an accounting. *United Cigar Stores Co. v. McKenzie*, 140 *Ga.* 270 (78 S. E. 1006); *Smith v. Hancock*, 163 *Ga.* 222 (136 S. E. 52); *Gibson v. Smith*, 187 *Ga.* 532 (1 S. E. 2d, 435).

(d) Suits between the same parties, which arise under the same contract, involve the same pleas, and upon which the same verdict may be rendered, may be consolidated. Code, § 3-112. In keeping with the spirit and purpose of equity, all other pending litigation in the same court between the same parties, in which the same subject matter is involved, may be consolidated with an equitable proceeding, to avoid the necessity of numerous trials. *Pope v. United States Fidelity & Guaranty Co.*, 193 *Ga.* 769 (3) (20 S. E. 2d, 13). Under the facts here pleaded, the dispossessory-warrant and distress-warrant proceedings have been converted into ordinary cases for possession and rent, and they are now pending in the same court in which this proceeding is filed. The issue in those two actions is the same, to wit: does the defendant in those cases owe any rent to the plaintiff therein? The instant case involves the same lease contract, the same parties, and the same claims for rent, and the plaintiff's petition asserts a defense to these claims on the ground that, upon an equitable accounting, it will be found that the plaintiff in this case does not owe the defendant any sum as rent, but that on the contrary the defendant is liable to the plaintiff, and the lease contract has not terminated. See *Griggs v. Wilbanks*, 96 *Ga.* 744 (22 S. E. 327); *Cooper v. Bowen*, 140 *Ga.* 45 (78 S. E. 413); *Beavers v. Mabry*, 195 *Ga.* 169 (23 S. E. 2d, 672).

(e) In the original petition as filed, it was prayed that the proceedings in the Municipal Court of Savannah be enjoined, but in a subsequent amendment it was alleged that, upon the giving of counter-affidavits and bonds, these cases had been transferred by operation of law to Chatham Superior Court and are now pending therein. There is no prayer that these actions be enjoined or stayed, but in substance the petition sets up legal

and equitable defenses to these proceedings, and seeks (a) to consolidate the dispossessory and distress warrant actions, (b) a money judgment, (c) an accounting, and (d) general equitable relief.

Applying the foregoing rulings, the petition, as against the general demurrers, stated a cause of action for the relief enumerated above, and it was not error to overrule the general demurrers.

■ The plaintiff in paragraph 8 of its petition alleges that, as the result of its improvements to the rented premises, it has an "equitable interest" in the property of the defendant, and among the prayers it prays that any judgment rendered in its favor be established by proper decree as a special lien against the property. The defendant by special demurrer challenges these allegations and prayers, on the ground that, under the facts alleged in the petition, the plaintiff is not legally or equitably entitled to any lien against its property.

We know of no statute in this State which gives a tenant a lien for improvements, permanent or otherwise, made on leased premises, where the improvements were made by virtue of an agreement or without an agreement. Nor has counsel for the plaintiff cited any authority to sustain its claim in this regard. As a general rule, the failure of the landlord to comply with his agreement to pay the tenant at the expiration of the lease for improvements made by the tenant during the term of the lease entitles the tenant only to an action for the value of the improvements, or for damages. Speers v. Flack, 34 Mo. 101 (84 Am. D. 74). It has been held that, in the absence of an agreement between the parties that the value of improvements made by the lessee will constitute a lien against the lessor's property, the lessee cannot claim a lien against such property, though the lessor agrees to pay for such improvements at the expiration of the lease. Gardner v. Samuels, 116 Cal. 84 (47 Pac. 935, 58 Am. St. R. 135). Under the allegations in the instant petition, the plaintiff, in the event of recovering a judgment against the defendant, is not entitled to have such judgment declared a special lien against the property of the defendant, and it was error for the court to overrule grounds 4, 6, and 11 of the defendant's demurrer filed August 31, 1950.

■ Ground 9 of the defendant's demurrer filed August 31, 1950, challenges the plaintiff's prayer for specific performance, on the ground that the alleged oral agreement between the parties is too vague, general, indefinite, and uncertain to form the basis of any decree of specific performance. The plaintiff prays for the "specific performance of said agreement by the defendant," without specifying what particular agreement it wants performed. In its petition, the plaintiff alleges that it was agreed that a final accounting would be had between the parties, either (a) at the time of the sale of the property, (b) at such time as the plaintiff would be able to purchase said property, or (c) at the termination of the tenancy. Since the plaintiff is seeking to recover the sum expended in improving the premises, and the tenancy under the allegations in the petition has now been terminated, the prayer for specific performance could only have reference to the agreement as to the plaintiff purchasing the property. The allegations as to a description of the property and the terms of the sale are insufficient to. authorize a decree of specific performance. See *Prater* v. *Sears*, 77 *Ga.* 28; *Davidson* v. *Bartow Investment Co.*, 138 *Ga.* 673 (75 S. E. 980); *Georgia Southern & Florida Ry. Co.* v. *Taylor*, 142 *Ga.* 350 (82 S. E. 1058); *Elliott* v. *Cline*, 184 *Ga.* 393 (191 S. E. 372). The plaintiff's prayer for specific performance should have been stricken.

All other grounds of special demurrer which were not rendered inapplicable by reason of amendments to the petition have been considered, and we are of the opinion that they were properly overruled.

*Judgment affirmed in part and reversed in part. All the Justices concur.*